# UNITED STATES DISTRICT COURT

## Northern District of Iowa

| | |
|---|---|
| UNITED STATES OF AMERICA | ) **JUDGMENT IN A CRIMINAL CASE** |
| | ) |
| **v.** | ) Case Number: **0862 6:20CR02047-001** |
| | ) |
| **MARIA GRISELDA MANZO-MELCHOR** | ) USM Number: **09282-509** |
| | ) |

■ **ORIGINAL JUDGMENT**
☐ **AMENDED JUDGMENT**
      Date of Most Recent Judgment:

**Mike Mbanza**
Defendant's Attorney

## THE DEFENDANT:

■ pleaded guilty to count(s)    **1 of the Indictment filed on October 14, 2020**

☐ pleaded nolo contendere to count(s)
   which was accepted by the court.

☐ was found guilty on count(s)
   after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| **8 U.S.C. §§ 1326(a) and 1326(b)(2)** | **Found After Illegal Reentry After an Aggravated Felony Conviction** | **09/11/2020** | **1** |

The defendant is sentenced as provided in pages 2 through   **7**   of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☐ Count(s)                   is/are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States Attorney of material changes in economic circumstances.

**C.J. Williams**
**United States District Court Judge**
Name and Title of Judge

Signature of Judge

**May 21, 2021**
Date of Imposition of Judgment

May 21, 2021
Date

DEFENDANT:       **MARIA GRISELDA MANZO-MELCHOR**
CASE NUMBER:     **0862 6:20CR02047-001**

## PROBATION

☐    The defendant is hereby sentenced to probation for a term of:

## IMPRISONMENT

■    The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of:
**6 months on Count 1 of the Indictment. It is ordered that the term of imprisonment for the instant offense be served consecutively to any term of imprisonment that may be imposed for the cases set forth in paragraph 28 (Black Hawk County, Iowa, Case No. SRCR237178), and paragraph 29 of the presentence report (Black Hawk County, Iowa, Case No. SMCR237177), pursuant to 18 U.S.C. § 3584.**

■    The court makes the following recommendations to the Federal Bureau of Prisons:
**It is recommended that the defendant be designated to a Bureau of Prisons facility as close to the defendant's family as possible, commensurate with the defendant's security and custody classification needs.**

■    The defendant is remanded to the custody of the United States Marshal.

☐    The defendant must surrender to the United States Marshal for this district:

☐    at _____ ☐ a.m. ☐ p.m.    on _____ .

☐    as notified by the United States Marshal.

☐    The defendant must surrender for service of sentence at the institution designated by the Federal Bureau of Prisons:

☐    before 2 p.m. on _____ .

☐    as notified by the United States Marshal.

☐    as notified by the United States Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

DEFENDANT:        **MARIA GRISELDA MANZO-MELCHOR**
CASE NUMBER:      **0862 6:20CR02047-001**

# SUPERVISED RELEASE

■   Upon release from imprisonment, the defendant will be on supervised release for a term of:
**3 years on Count 1 of the Indictment.**

# MANDATORY CONDITIONS OF SUPERVISION

1)   The defendant must not commit another federal, state, or local crime.

2)   The defendant must not unlawfully possess a controlled substance.

3)   The defendant must refrain from any unlawful use of a controlled substance.
     The defendant must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

     ■   The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future controlled substance abuse. *(Check, if applicable.)*

4)   ■   The defendant must cooperate in the collection of DNA as directed by the probation officer. *(Check, if applicable.)*

5)   ☐   The defendant must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq*.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where the defendant resides, works, and/or is a student, and/or was convicted of a qualifying offense. *(Check, if applicable.)*

6)   ☐   The defendant must participate in an approved program for domestic violence. *(Check, if applicable.)*

The defendant must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

DEFENDANT:      **MARIA GRISELDA MANZO-MELCHOR**
CASE NUMBER:    **0862 6:20CR02047-001**

# STANDARD CONDITIONS OF SUPERVISION

As part of the defendant's supervision, the defendant must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for the defendant's behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in the defendant's conduct and condition.

1) The defendant must report to the probation office in the federal judicial district where the defendant is authorized to reside within 72 hours of the time the defendant was sentenced and/or released from imprisonment, unless the probation officer instructs the defendant to report to a different probation office or within a different time frame.

2) After initially reporting to the probation office, the defendant will receive instructions from the court or the probation officer about how and when the defendant must report to the probation officer, and the defendant must report to the probation officer as instructed. The defendant must also appear in court as required.

3) The defendant must not knowingly leave the federal judicial district where the defendant is authorized to reside without first getting permission from the court or the probation officer.

4) The defendant must answer truthfully the questions asked by the defendant's probation officer.

5) The defendant must live at a place approved by the probation officer. If the defendant plans to change where the defendant lives or anything about the defendant's living arrangements (such as the people the defendant lives with), the defendant must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, the defendant must notify the probation officer within 72 hours of becoming aware of a change or expected change.

6) The defendant must allow the probation officer to visit the defendant at any time at the defendant's home or elsewhere, and the defendant must permit the probation officer to take any items prohibited by the conditions of the defendant's supervision that he or she observes in plain view.

7) The defendant must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses the defendant from doing so. If the defendant does not have full-time employment, the defendant must try to find full-time employment, unless the probation officer excuses the defendant from doing so. If the defendant plans to change where the defendant works or anything about the defendant's work (such as the defendant's position or the defendant's job responsibilities), the defendant must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, the defendant must notify the probation officer within 72 hours of becoming aware of a change or expected change.

8) The defendant must not communicate or interact with someone the defendant knows is engaged in criminal activity. If the defendant knows someone has been convicted of a felony, the defendant must not knowingly communicate or interact with that person without first getting the permission of the probation officer.

9) If the defendant is arrested or questioned by a law enforcement officer, the defendant must notify the probation officer within 72 hours.

10) The defendant must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).

11) The defendant must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.

12) As directed by the probation officer, the defendant must notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and must permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

13) The defendant must follow the instructions of the probation officer related to the conditions of supervision.

DEFENDANT: **MARIA GRISELDA MANZO-MELCHOR**
CASE NUMBER: **0862 6:20CR02047-001**

# SPECIAL CONDITIONS OF SUPERVISION

*The defendant must comply with the following special conditions as ordered by the Court and implemented by the United States Probation Office:*

1. **If the defendant is removed or deported from the United States, the defendant must not reenter unless the defendant obtains permission from the Secretary of Homeland Security. If the defendant is removed or deported from the United States, the defendant will not be on active supervision. If the defendant reenters the United States during the term of supervised release, the defendant must report to the nearest United States Probation Office within 72 hours of the date the defendant reenters the United States. If the defendant remains in the United States during the term of supervised release, the defendant must report to the United States Probation Office in the district to which the defendant is released within 72 hours of release from custody.**

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them. Upon a finding of a violation of supervision, I understand the Court may: (1) revoke supervision; (2) extend the term of supervision; and/or (3) modify the condition of supervision.

_____          _____
Defendant                                                                          Date


_____          _____
United States Probation Officer/Designated Witness                              Date

DEFENDANT: **MARIA GRISELDA MANZO-MELCHOR**
CASE NUMBER: **0862 6:20CR02047-001**

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | **Assessment** | **AVAA Assessment[1]** | **JVTA Assessment[2]** | **Fine** | **Restitution** |
|---|---|---|---|---|---|
| **TOTALS** | **$ 100 (remitted)** | **$ 0** | **$ 0** | **$ 0** | **$ 0** |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss[3]** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|

**TOTALS** $ _____ $ _____

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    ☐ the interest requirement is waived for the ☐ fine ☐ restitution.

    ☐ the interest requirement for the ☐ fine ☐ restitution is modified as follows:

[1]Amy, Vicky, and Any Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.
[2]Justice for Victims of Trafficking Act of 2015, 18 U.S.C. § 3014.
[3]Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT:          **MARIA GRISELDA MANZO-MELCHOR**
CASE NUMBER:        **0862 6:20CR02047-001**

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A**  ☐   $ _____ due immediately;

    ☐   not later than _____ , or
    ☐   in accordance with   ☐   C,   ☐   D,   ☐   E, or   ☐   F below; or

**B**  ☐   Payment to begin immediately (may be combined with   ☐   C,   ☐   D, or   ☐   F below); or

**C**  ☐   Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of  $ _____ over a period of
    _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after the date of this judgment; or

**D**  ☐   Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of  $ _____ over a period of
    _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after release from imprisonment to a
    term of supervision; or

**E**  ☐   Payment during the term of supervised release will commence within _____ *(e.g., 30 or 60 days)* after release from
    imprisonment.  The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F**  ■   Special instructions regarding the payment of criminal monetary penalties:

    **The Court grants the prosecutor's motion to remit the special assessment pursuant to 18 U.S.C. § 3573.**

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment.  All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐   Joint and Several

    Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐   The defendant must pay the cost of prosecution.

☐   The defendant must pay the following court cost(s):

☐   The defendant must forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.